IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDENILSON ANTONIO RIVAS-MUÑOZ,<br><br>　　*Petitioner*,<br><br>　v.<br><br>KRISTI NOEM, *et al.*,<br><br>　　*Respondents*. | Case No. 26-cv-00045-ABA |

**MEMORANDUM OPINION AND ORDER**

Petitioner Edenilson Antonio Rivas-Muñoz alleges that he is a citizen of El Salvador who entered the United States in or about 2005 and has lived in the country ever since. ECF No. 1 ¶¶ 1, 12. On January 3, 2026, as he was on his way to work, Petitioner was pulled over and arrested by ICE officials. *Id.* ¶ 13. Respondents contend that during an enforcement operation in Frederick, Maryland, officers from the Baltimore ICE Field Office Field Intelligence Unit performed record checks on several vehicles' license plates, including one registered to Mr. Rivas-Muñoz. ECF No. 10 at 4. The officers determined that Mr. Rivas-Muñoz's Maryland driver's licensed carried a "U" restriction, "signifying that the license is not acceptable for federal purposes," and thus believed that he may not possess lawful immigration status. *Id.* Accordingly, the officers conducted a vehicle stop, confirmed that Petitioner did not have an alien registration number, and arrested him. *Id.* Upon Petitioner's arrival to the Baltimore ICE Field Office, he was served with a Warrant for Arrest of Alien, which reads "To: Any immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violation." *Id.*; ECF No. 10-2 at 2.

Petitioner has filed this action challenging his detention and a motion for temporary restraining order requesting his immediate release. ECF Nos. 1 & 4. The first question before the Court is whether Petitioner's detention is governed by 8 U.S.C. § 1225 or § 1226. He contends that, because he was not apprehended at the border and has been in the country for over twenty years, his detention is not authorized under 8 U.S.C. § 1225. ECF No. 1 at 6–7; ECF No. 12 at 2–4.[1] That statute provides for mandatory detention—without a bond hearing—in certain specified circumstances. Conversely, § 1226 provides for discretionary detention of a noncitizen who, "[o]n a warrant," was "arrested and detained" during the pendency of removal proceedings under § 1229a. Respondents have responded to the Petition and moved to dismiss (ECF No. 10), to which Petitioner has replied (ECF No. 12).

For the same reasons stated in *Bautista Villanueva v. Bondi, et al.*, Case No. 25-cv-4152-ABA, 2026 WL 100595 (D. Md. Jan. 14, 2026), the Court agrees with Petitioner that he is not subject to mandatory detention under § 1225.

Additionally, the clear language within the government's warrant relies on authority "pursuant to sections 236 and 287 of the Immigration and Nationality Act." ECF No. 10-2 at 2. Given that section 236 of the INA is codified at 8 U.S.C. § 1226 and

---

[1] Respondents do not dispute that Petitioner has been present in the United States for more than two years. Under § 1225(b)(1)(A)(iii), a noncitizen must "affirmatively show[], to the satisfaction of an immigration officer, that [he] has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility." Here, Respondents, by relying on § 1225(b)(2) as the basis for detention, did not permit Petitioner to attempt to make such a showing, which potentially precludes Respondents from disputing that point. But regardless, Respondents concede, as they must given the factual record, that more than two years elapsed. *See* ECF No. 1-3 at 2 (indicating that Mr. Rivas-Muñoz's son was born in Maryland over ten years ago).

that authority is explicitly referenced in the warrant, the Court finds that § 1226 squarely applied to Mr. Rivas-Muñoz and thus governs his detention. *See Velasquez v. Noem*, No. 25-cv-3215-GLR, -- F. Supp. 3d ---, 2025 WL 3003684, at *4 (D. Md. Oct. 27, 2025); *Maldonado de Leon v. Baker*, No. 25-cv-3084-TDC, 2025 WL 2968042, at *5 (D. Md. Oct. 21, 2025). "No such warrant or arrest provisions exist in § 1225(b)(2), further bolstering this finding." *Velasquez*, 2025 WL 3003684, at *4.

Accordingly, Respondents may not lawfully detain Mr. Rivas-Muñoz under 8 U.S.C. § 1225. That leaves the question of remedy: should the Court order his immediate release or give Respondents the opportunity to arrange for a bond hearing before an immigration judge under § 1226? For the same reasons stated in *Bautista Villanueva*, 2026 WL 100595, the Court is persuaded that the appropriate remedy for Respondents' statutory violation is an order that Petitioner receive a bond hearing within 10 days of this Order.

For these reasons, the Court hereby ORDERS as follows:

1. The Petition for Writ of Habeas Corpus is GRANTED IN PART and DENIED IN PART;
2. Petitioner is detained under 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225;
3. Under 8 U.S.C. § 1226(a), Petitioner is entitled to a bond hearing consistent with 8 C.F.R. §§ 236.1(d), 1003.19, & 1236.1(d);
4. Consistent with 8 C.F.R. § 236.1(d)(1), Petitioner shall file a request in Immigration Court seeking a bond hearing consistent with this Court's Order;
5. Petitioner shall be provided with a bond hearing within 10 days of the date of this Order;

6. Petitioner's bond hearing must be conducted by an Immigration Judge under 8 U.S.C. § 1226, and in accordance with 8 C.F.R. §§ 236.1(d), 1003.19, & 1236.1(d);

7. Any bond hearing must be conducted by an Immigration Court with jurisdiction, or with administrative control, over Petitioner's detention and need not be conducted in Baltimore or Hyattsville;

8. If bond is granted and Petitioner is released, nothing in this Order precludes ICE from imposing reasonable conditions of release;

9. If a bond hearing is not held before an Immigration Judge within 10 days of the date of this Order, Respondents shall RELEASE Petitioner from custody;

10. If Petitioner is released before having a bond hearing, nothing in this Order precludes ICE from imposing reasonable conditions of release, including a requirement that he appear at a bond hearing at Immigration Court in Maryland;

11. The parties SHALL FILE a joint status report within 14 days of this Order;

12. Petitioner's request for attorneys' fees and costs (ECF No. 1 at 10) is DENIED;

13. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is DENIED; and

14. Respondents' Motion to Dismiss (ECF No. 10) is DENIED.

Date: January 16, 2026              _____/s/_____
                                    Adam B. Abelson
                                    United States District Judge